IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EMANUEL LAMONT CLARK ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:21CV917 |
| ) | |
| RYAN MARKELL, DARRELL ) | |
| STILWELL, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on a Motion for Summary Judgment by Defendants Ryan Markell and Darrell Stillwell. (Docket Entry 12.) Plaintiff filed this action under 42 U.S.C. § 1983 in November 2021 asserting a claim for excessive force against Defendants arising out of an incident while Plaintiff was housed as a pretrial detainee at the Stanly County Detention Center. (*See generally* Complaint, Docket Entry 2.) After an answer was filed (Docket Entry 7), discovery commenced in February 2022 by order of the Court. (Docket Entry 9.) The docket reflects that the scheduling order was mailed to Plaintiff on February 24, 2022, and returned on March 7, 2022 marked undeliverable, (Docket Entry 10). On September 22, 2022, Defendants filed their Motion for Summary Judgment (Docket Entry 12) and a supporting memorandum (Docket Entry 13) with exhibits in which they argue that Plaintiff has not exhausted his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and that Plaintiff cannot demonstrate that Defendants used excessive force on him. A Roseboro Letter was mailed to Plaintiff informing him of his right

1

to respond to Defendants' Motion (Docket Entry 14). The envelope containing the Roseboro Letter was returned undeliverable on October 11, 2022. (Docket Entry 15.)

The record reflects that Plaintiff has failed to keep the Court advised as to his current address, nor has he shown any intent to proceed with this case. It is Plaintiff's responsibility to keep the Court abreast of his current address. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.") Moreover, the Local Rules provide that "[i]f mail directed to a *pro se* plaintiff from the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address," the Court may dismiss without prejudice the action for failure to prosecute. LR 11.1(b). Because Plaintiff has failed to notify the Court of a current address in a timely manner, the undersigned recommends dismissal without prejudice of this action at this time.

Accordingly, for the reasons stated herein, **IT IS HEREBY RECOMMENDED** that this action be dismissed without prejudice pursuant to Local Rule 11.1(b) for failure to prosecute, and that Defendants' Motion for Summary Judgment (Docket Entry 12) be terminated as moot.

This, the 17th day of April, 2023.

                                              /s/ Joe L. Webster
                                          United States Magistrate Judge